J-S03002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL AARON SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1612 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010894-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1613 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006464-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL AARON SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1614 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006462-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S03002-20

:
v.                                  :
:
:
:
MICHAEL SCHERBANIC              :
:
Appellant           :      No. 1615 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006463-2017

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                  :
:
:
:
MICHAEL SCHERBANIC              :
:
Appellant           :      No. 1616 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010899-2016

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                  :
:
:
:
MICHAEL SCHERBANIC              :
:
Appellant           :      No. 1617 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004787-2017

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                  :
:
:

- 2 -

J-S03002-20

MICHAEL SCHERBANIC              :
                               :
        Appellant              :      No. 1618 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
              No(s):  CP-02-CR-0010900-2016


COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
MICHAEL AARON SCHERBANIC       :
                               :
        Appellant              :      No. 1619 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
              No(s):  CP-02-CR-0010893-2016


COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
MICHAEL AARON SCHERBANIC       :
                               :
        Appellant              :      No. 1620 WDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
              No(s):  CP-02-CR-0010895-2016


BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              FILED APRIL 30, 2020

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

Michael Aaron Scherbanic appeals from the judgments of sentence entered on nine dockets[1] following his jury trial convictions for numerous sexual offenses and for intimidation of witnesses or victims, obstruction in a child abuse case, and criminal solicitation.[2] He argues that the trial court erred in ordering that he be restrained during trial and in limiting his contact with his attorney. We conclude Scherbanic waived his issues and therefore affirm.

Scherbanic was charged with various sex offenses, some in October 2016 and others in July 2017, relating to sexual assaults of students at his karate school. The Commonwealth filed additional charges in June 2017 stemming from Scherbanic's alleged attempts, while in Allegheny County Jail, to retaliate against the sexual assault victims, including solicitation to commit homicide. All of the charges were tried together.

Prior to trial, in August 2017, the trial court found Scherbanic incompetent to stand trial and committed him to Torrance State Hospital. The court ordered that he was to "have no access to telephone, internet, or any other form of electronic or written communications with any persons" and "no visitors other than his Attorney" while in the hospital. Order, filed Jan. 10, 2018. The court later amended this order to provide that Scherbanic's mother could telephone him two times per month and that his attorneys "are permitted to contact the defendant by telephone, incoming call only, no more

_____

[1] Scherbanic filed a separate notice of appeal at each docket number.

[2] 18 Pa.C.S.A. §§ 4952(a)(1), 4958(b.1), and 902, respectively.

than once (1) a week, a member of Torr[a]nce State Hospital must be present during the phone call." Order, filed Mar. 6, 2018. Scherbanic did not object to either order.

In March 2018, Scherbanic sought a continuance, arguing that the Commonwealth recently joined three additional cases and "[Scherbanic] wishes to testify and [was] at Torrance [State] Hospital from Jan 4 to March 14, 2018." Motion for Continuance, filed Mar. 27, 2018. The motion stated that "[Scherbanic] has provided counsel with 12-15 single space double side documents for review of only 1st five cases with more to come on new three. Counsel cannot digest all info by 4/4 [jury] selection day." Id. The trial court refused the continuance.[3]

The trial court also ordered – unprompted by any motion of record - that Scherbanic would wear leg shackles during his trial:

> [T]he Court HEREBY ORDERS that Mr. Scherbanic – though in street clothing during all phases of these proceedings – shall remain shackled, by the legs only, in a discreet manner. The jury will not be privy to this fact.

Order, filed Mar. 28, 2018. The record does not contain the trial court's explanation for the order. Nor does it contain any objection by Scherbanic to the shackles.

_____

[3] When first transmitted to this Court, the certified record did not include Scherbanic's motion for a continuance. The parties stipulated to the submission of additional materials for inclusion in the certified record, including the motion.

Scherbanic testified in his own defense. The court ordered that he would do so from counsel table, not the witness stand. Counsel objected:

> THE COURT: I am going to request that he testify from his seat at counsel table. There we fixed up a microphone that we will use, this microphone that we will have to move over in front of him. I will just tell the jury that he's testifying from his chair, not draw any adverse inference against him. They all heard he was clearly in jail.
>
> MR NARVIN: Right, as part of Travis Pagano's testimony makes that rather obvious.
>
> THE COURT: All of it.
>
> MR NARVIN: So, I would rather have you not mention it.
>
> THE COURT: Okay.
>
> MR NARVIN: We will just do it.
>
> THE COURT: That's fine.
>
> MR NARVIN: My objection is already put on the record, we did it at the beginning of trial. I don't need to repeat that and the only follow up -- what I was planning on doing is having him sit there, . . . . I will use the lectern over there to address my questions.
>
> THE COURT: That's fine.

N.T., 4/9-16/18, at 446-47. Although defense counsel mentioned a prior objection, the objection was not transcribed.[4]

A jury convicted Scherbanic of numerous sexual offenses including multiple counts each of involuntary deviate sexual intercourse of person less

_____

[4] Scherbanic filed a motion for recusal, claiming the trial court's orders exhibited its bias against him. The motion referenced a complaint Scherbanic filed with the Judicial Conduct Board, stating he would file the complaint under seal. The sealed complaint was not included in the certified record on appeal.

than 16 years of age, involuntary deviate sexual intercourse with child, indecent assault of person less than 13 years of age, unlawful contact with minor, endangering welfare of children, corruption of minors, and indecent exposure.[5] The court also found Scherbanic guilty of intimidation of witness, obstruction of child abuse case, and criminal solicitation.

The trial court sentenced Scherbanic to a total of 78 to 156 years in prison. Scherbanic filed a post-trial motion, which the trial court denied. He filed a timely Notice of Appeal.[6]

Scherbanic raises the following claims:

> 1. Did the trial court err by Ordering that Mr. Scherbanic was to be physically restrained at trial without first making record findings showing that exceptional circumstances warranted their use?
>
> 2. Did the trial court infringe Mr. Scherbanic's constitutional right to counsel by issuing Orders that restricted Mr. Scherbanic's ability to communicate with counsel before trial?

Scherbanic's Br. at 2.

Scherbanic first argues that the trial court erred in ordering that he wear shackles at trial, without identifying on the record any exceptional

---

[5] 18 Pa.C.S.A. §§ 3123(a)(7), 3123(b), 3126(a)(7), 6318(a)(1), 4304(a)(1), 6301, and 3127(a), respectively.

[6] The trial judge who presided over Scherbanic's trial retired, and the trial judge to whom the case was re-assigned filed a Rule 1925(a) statement providing that "[a]s this Court did not hear the case and cannot adequately address the errors alleged on appeal, this Court asks the Superior Court of Pennsylvania to accept this 1925 Statement in Lieu of an Opinion." Rule 1925 Statement, filed June 4, 2019.

circumstances justifying the restraint. He argues that the court ordered the sheriff to put him in leg shackles at trial and that his "movements were also further restricted by the trial court's [o]rder that he must testify from counsel table rather than the witness stand." Scherbanic's Br. at 15. He argues this treatment was inherently prejudicial as it undermined the presumption of innocence, detracted from the dignity and decorum of the judicial proceedings, and impeded communication between Scherbanic and counsel.

Scherbanic waived any issue regarding the use of shackles because he raised no objection to their use at trial. Pa.R.A.P. 302(a). Scherbanic invites us to excuse the waiver on the ground that the order shackling him was unprompted by any motion and not supported by any explanation by the trial court. However, he cites no authority allowing us to do so, and we are aware of none. His citation to Bell Fuel Corp. v. Cattolico, 544 A.2d 450, 454 n.3 (Pa.Super. 1988), is inapposite. There, we refused to find waiver where the appellant did not object when the trial judge stated he "might" consider the request for a preliminary injunction under either a demurrer or summary judgment standard. Cattolico, 544 A.2d at 452. We pointed out that the judge never committed himself to either standard, neither of which we found applicable, and noted the preliminary and equitable nature of the proceeding. Id. at 454 n.3. Although Scherbanic additionally argues that the order requiring him to give his testimony from counsel table "further restricted" his movements, he provides no support for the assertion that requiring him to do so was error.

Scherbanic next argues that the trial court's pre-trial orders restricting "Scherbanic's access to the outside world while he was confined in a lockdown mental health facility" prevented Scherbanic from communicating with his attorney. Scherbanic's Br. at 21. He claims this interference with his access to counsel infringed on his right to counsel. He notes that the court denied Scherbanic's request for a continuance, and required him to go to trial on this complex case three weeks after his release from the hospital.

Scherbanic did not object to the orders restricting his communication, and made no claim before the trial court that the court infringed on his right to counsel. He therefore waived this issue for appeal. Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2020

- 9 -